PEOPLE *ex rel.* HICINBOTHEM *v.* PURROY *et al.*, Fire Commissioners.

(*Supreme Court, General Term, First Department.* May 16, 1890.)

MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL.

    Laws N. Y. 1882, c. 410, § 48, (consolidation act,) gives the heads of all departments power to appoint and remove all chiefs of bureaus, except the chamberlain, and also all clerks, officers, employes, and subordinates in their respective departments, provided that no regular clerk or head of a bureau be removed unless he has been informed of the cause, and given an opportunity of making an explanation. Section 441 provides that an intention to reduce the force of the bureau of inspection of buildings shall be deemed sufficient cause for the removal of any officer or employe of the bureau except the chief officer thereof, and authorizes the board of fire commissioners to abolish any office, clerkship, or employment in said bureau. *Held,* that the two sections were not antagonistic, and that under section 48 the fire commissioners could remove an inspector of buildings without informing him of the cause, or giving him an opportunity for explanation.

On *certiorari* to review the dismissal of Alexander Hicinbothem from the position of inspector of buildings of New York city by Henry D. Purroy and others, fire commissioners.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*A. Steckler,* for relator.    *W. L. Findley,* for respondents.

VAN BRUNT, P. J. The relator was appointed an inspector of buildings in the fire department on the 16th of January, 1888. He continued to hold this position until the 13th of August, 1889, when, at a meeting of the board of fire commissioners at which two commissioners were present, he was removed and dismissed from the fire department. The other commissioner was absent from the city when the meeting took place, and took no part in the proceedings. The relator applied for a writ of *certiorari* to review the action of the respondents in his removal. It is claimed upon the part of the relator that the respondents had no power to remove him except upon charges and specifications, and an opportunity to be heard. It would seem that at the time of the initiation of this proceeding this was the opinion of the respondents, because on the 10th of August, 1889, a notice, together with charges and specifications in writing, were served on the relator, which notice commanded him to appear before said board of fire commissioners on the 13th of August, at 11 o'clock in the forenoon. The relator was charged with having demanded a bribe in the performance of his official duty. It further appears that at the time and place mentioned the relator appeared with his counsel, and demanded a trial upon said charge; the board having upon the same day, but before the hour named in said notice, made and promulgated an order dismissing the relator from his office. It would seem that, in view of a charge of this nature having been brought against the relator, and that he was called upon to answer the same, even if the commissioners had the absolute power of removal, as a matter of justice to the relator they should have given him an opportunity to answer the charge, whether legally required to do so or not. It is urged upon the part of the relator that the fire commissioners claim to have acted by virtue of the authority conferred by section 441 of the consolidation act, (Laws 1882, c. 410,) which provides as follows: "An intention to reduce the force and expense of the bureau of inspection of buildings, or the clerical force of the department, shall be deemed sufficient ground for the removal of any officer or employe of said bureau, except the chief officer thereof, and of any clerk in the department. The board of fire commissioners is authorized to abolish any office, clerkship, or employment in the said bureau of inspection of buildings, and they may consolidate the duties of any two or more officers, clerks, or employes thereof." It is, of course, clear upon the facts hereinbefore stated that, if the power of removal is dependent upon this section, its terms were not complied with, and the removal was unlawful. But, by an examination of section 48, it will appear that the heads

of all departments have power to appoint and remove all chiefs of bureaus except the chamberlain, and also all clerks, officers, employes, and subordinates in their respective departments, except as therein otherwise specially provided, without reference to the tenure of office of any existing appointee. The section then provides that no regular clerk or head of a bureau shall be removed unless he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation. Under this section, therefore, the heads of all departments have an absolute authority to remove every person employed in their respective departments, except regular clerks or heads of bureaus, and in respect to them a certain procedure must be pursued. It will scarcely be argued that the fire department is not one of the departments referred to in section 48. Section 441 is not antagonistic to the provisions of section 48, because an intention to reduce the force and expense of the bureau of inspection of buildings, or the clerical force of the department, would authorize the removal of any regular clerk or head of a bureau under section 48, and this is all the power that is intended to be conferred upon the commissioners by section 441, and in no manner was it intended to restrict their power to appoint and remove employes who are not protected by the exceptions contained in section 48. Section 46 seems to have authorized a majority of the members of the board to meet and fully discharge the duty imposed upon them. There seems to have been no irregularity in the proceedings upon the part of the board of fire commissioners, and this court cannot interfere with their removal of the relator. The writ should be dismissed, without costs. All concur.